**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4432**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GEORGE HENRY MIDGETTE, a/k/a George Henry Midgette, III,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever III, Chief District Judge. (4:13-cr-00040-D-1)

Submitted: February 24, 2015        Decided: March 6, 2015

Before WILKINSON and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Lawrence J. Cameron, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Henry Midgette pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court upwardly departed from Midgette's advisory Sentencing Guidelines range, pursuant to U.S. Sentencing Guidelines Manual § 4A1.3(a)(1), p.s. (2013), and sentenced Midgette to 78 months' imprisonment. On appeal, Midgette argues that his sentence is substantively unreasonable. We affirm.

We review a sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). The same standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir. 2012) (internal quotation marks omitted). Because Midgette "does not claim that the district court committed any procedural error," our review "is limited only to [the] substantive reasonableness" of Midgette's sentence in light of "the totality of the circumstances." United States v. Howard, 773 F.3d 519, 528 (4th Cir. 2014) (internal quotation marks omitted).

When reviewing a departure from the advisory Guidelines range, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a

2

sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). In conducting this review, however, we "defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been [our] choice." United States v. Evans, 526 F.3d 155, 160 (4th Cir. 2008).

Section 4A1.3(a)(1) authorizes an upward departure when "reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s.; see United States v. Whorley, 550 F.3d 326, 341 (4th Cir. 2008) (noting that under-representative criminal history category is "encouraged" basis for upward departure). To determine whether an upward departure is appropriate under this section, a court may consider, among other information, prior sentences not used in the criminal history calculation. USSG § 4A1.3(a)(2), p.s.

Midgette first contends that his sentence is substantively unreasonable because the majority of his unscored convictions were misdemeanors, not violent felonies. We conclude that Midgette's extensive criminal history justified the court's decision to grant an upward departure. Although Midgette's unscored felony convictions are not violent, they are certainly

serious. Moreover, Midgette's host of misdemeanor convictions demonstrate Midgette's propensity for violence and his disrespect for the law.

Midgette further submits that his conduct was not as serious as the conduct of other hypothetical defendants who could have received similar sentences. We find this argument unpersuasive. Not only is possession of a firearm by a convicted felon a serious offense, but also this is Midgette's sixth conviction for such an offense, supporting the district court's conclusion that Midgette is likely to reoffend.

Midgette also argues that the district court did not adequately account for the positive changes that he made in his life during the time he was not in custody between serving his revocation sentence and being arrested for the current charge. The record is clear that the district court considered the positive trend Midgette's life was taking but concluded that the fact that Midgette was working and taking care of his family in the 2 months prior to his arrest did not outweigh the almost 15 years he spent committing one crime after another. Moreover, Midgette's offensive comment toward the prosecutor at his detention hearing certainly does not bolster his declaration that he is a changed man. We conclude that this balancing of factors by the district court was entirely appropriate and is entitled to deference. See United States v. Jeffery, 631 F.3d

4

669, 679 (4th Cir. 2011) (observing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors").

Accordingly, we conclude that Midgette's sentence is substantively reasonable, and we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED